**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MAHMOUD ELMILLIGY,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., *et al.*,<br><br>Defendants. | Civil Action No. 26-120 (JXN)(CF)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Mahmoud Elmilligy's ("Plaintiff") Complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF No. 2). The Court has reviewed Plaintiff's IFP Application and screened the Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's IFP Application is **GRANTED** and the Complaint is **DISMISSED** *without prejudice*.

I.      **BACKGROUND**

A.      **Statement of Facts**

Meta Platforms, Inc. ("Meta") owns three social media companies: Facebook, Inc. ("Facebook"), Instagram, LLC ("Instagram"), and WhatsApp, LLC ("WhatsApp") (collectively, "Defendants"). (Compl. ¶ 9.)

Plaintiff uses Facebook, Instagram, and WhatsApp. (*Id.* ¶ 8.) He claims Defendants "operate a unified identity and authentication architecture across platforms, enabling session persistence and cross-platform correlation." (*Id.* ¶ 14.) Plaintiff alleges Defendants "knowingly maintained long-lived session tokens and device fingerprinting that allowed continued access even after password changes or device transitions." (*Id.* ¶ 15.) According to Plaintiff, "Defendants knew

such persistence materially increases the risk of session cloning and silent compromise." (*Id.* ¶ 16.) But Plaintiff asserts that Defendants "failed to provide users with real-time session audit logs, meaningful anomaly alerts, or forensic tools to verify authenticity of attributed data." (*Id.* ¶ 17.)

Plaintiff also claims Defendants "collect and retain IP addresses, device identifiers, timestamps, inferred locations, and cross-platform behavioral correlations." (*Id.* ¶ 18.) He states that Defendants "know metadata—even where content is encrypted—can be used to fabricate timelines, movements, and associations." (*Id.* ¶ 19.) And Plaintiff avers that Defendants "retained such metadata for extended periods and provided no independent verification or challenge mechanisms." (*Id.* ¶ 20.)

Finally, Plaintiff claims Defendants "were on notice of systemic security failures through public incidents, regulatory actions, internal reports, and external research." (*Id.* ¶ 21.) Yet, in Plaintiff's telling, "Defendants continued expanding data collection and platform integration without adequate remediation." (*Id.* ¶ 22.) Plaintiff further alleges that "Defendants failed to warn users that session hijacking could occur without notice, metadata could be misattributed, or private communications could be reconstructed or misused." (*Id.* ¶ 23.)

Plaintiff asserts that, "[a]s a proximate result [of Defendants' conduct], Plaintiff suffered unauthorized access, misattribution of digital data, reputational destruction, loss of professional opportunities, emotional distress, and ongoing harm." (*Id.* ¶ 24.)

### B.    Procedural History

Plaintiff sued Defendants on January 12, 2026, and applied to proceed IFP. (*See generally id.*; IFP Appl., ECF No. 2.) The Complaint includes claims for: (1) violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 ("Count I"); (2) violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511 ("Count II"); (3) violations of the

Stored Communications Act ("SCA"), 18 U.S.C. § 2701 ("Count III"); (4) negligence ("Count IV"); (5) gross negligence ("Count V"); (6) product liability (defective design) ("Count VI"); (7) failure to warn ("Count VII"); (8) unjust enrichment ("Count VIII"); and (9) civil conspiracy ("Count IX").

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP statute requires that a plaintiff submit a complete financial affidavit to demonstrate financial need. 28 U.S.C. § 1915(a). *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) ("The requirement that a plaintiff demonstrate financial need through submission of a complete financial affidavit is an essential part of the statute."). Under the statute, the Court must assess the financial affidavit to determine whether the plaintiff can proceed IFP. 28 U.S.C. § 1915(a).

The Court must also decide *sua sponte* whether the Complaint should be dismissed. 28 U.S.C. § 1915(e). An IFP complaint must be dismissed if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### III.    DISCUSSION

#### A.    The Court Grants the IFP Application

The decision to grant IFP status "turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Sup. Ct. of N.J.*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). A person need not be "absolutely destitute" to proceed IFP. *Id.* Rather, the applicant "must show the inability to pay the filing and docketing fees." *Id.*

Plaintiff has done so here. According to Plaintiff's IFP application, he has no income or assets. The Court is satisfied that Plaintiff is unable to pay filing fees. Therefore, the Court **GRANTS** Plaintiff's IFP application.

#### B.    The Complaint is an Impermissible Group Pleading

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). A complaint violates Rule 8(a) if it "indiscriminately attributes wrongdoing to a group of defendants, leaving them to guess as to who allegedly did what." *Parrish v. Hudson Sch.*, No. 25-17986, 2026 WL 1328364, at *6 (D.N.J. May 13, 2026) (cleaned up) (quoting *Coffey v. Sussex Cnty. Cmty. Coll.*, No. 25-1264, 2026 WL 265547, at *5 (D.N.J. Feb. 2, 2026)). Such a complaint (often called a

"group pleading") does not place Defendants "on notice of the claims against each of them." *Id.* (quoting *Coffey*, 2026 WL 265547, at *5).

Yet not every pleading "that groups two defendants together constitutes an impermissible group pleading." *Id.* (quoting *Kong v. Johnson & Johnson*, No. 23-3091, 2024 WL 1640996, at *5 (D.N.J. Apr. 15, 2024). The question is whether the complaint is impermissibly vague. *Id.* A complaint is impermissibly vague if it leaves Defendants and the Court to "guess who did what to whom when." *Id.* (quoting *Kong*, 2024 WL 1640996, at *5). A complaint is not impermissibly vague if, "when read in the context of other specific allegations, it is sufficient to put a defendant on notice that the grouped allegation is brought, at least in part, against the specific defendant." *Id.* (quoting *Kong*, 2024 WL 1640996, at *5).

This complaint is a textbook group pleading. Every factual allegation and cause of action is against Defendants collectively, leaving Defendants to guess who did what. Critically, Plaintiff sues four separate social media companies for unauthorized data access without identifying who accessed what data on which website. The Complaint, moreover, does not specify how Defendants were responsible for safeguarding Plaintiff's data or how they individually failed to do so. Because the Complaint does not put Defendants on notice of who did what, the Complaint is **dismissed** ***without prejudice***.

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff's IFP application (ECF No. 2) is **GRANTED** and the Complaint (ECF No. 1) is **DISMISSED** without prejudice. Plaintiff shall have thirty (30) days from the date of this Order to file an amended pleading. Failure to do so shall result in dismissal with prejudice. An appropriate Order accompanies this Opinion.

**DATED: 7/13/2026**

_____
**JULIEN XAVIER NEALS**
**United States District Judge**